```
            UNITED STATES DISTRICT COURT FOR THE
                  DISTRICT OF NEW HAMPSHIRE
```

In Re: Global Environmental Solutions, Ltd.

Seaton Gras

    v.                                    Civil No. 05-cv-316-JD

Timothy P. Smith, Trustee

O R D E R

Seaton Gras, proceeding pro se, appeals the bankruptcy court's decision sustaining the trustee's objection to certain claims of creditors. Gras also contends that the bankruptcy court improperly denied him an opportunity to influence the court's decision on whether to disallow the creditors' claims and that the trustee's dual role as a plaintiff in the adversary action and trustee in the underlying bankruptcy action constituted an impermissible conflict of interest. Although the trustee received notice of the appeal, he did not register for electronic filing in this court or otherwise respond and did not accept the brief mailed to him by Gras through certified mail. Therefore, review of the issues raised on appeal is limited to the record from the bankruptcy court and Gras's brief.

Background

Seaton Gras was an investor in and an employee of Global Environmental Solutions, Inc.  In May of 1996, he filed a wage claim against the company and was awarded $16,000.  The company ceased doing business at the end of 1996.  In January of 1997, a new company, Global Environmental Services, LLC, was formed by investors and principals who had been involved with Global Environmental Solutions, and two other companies were subsequently formed with the same members.

Gras, as a creditor, filed an involuntary petition in bankruptcy against Global Environmental Solutions, Ltd., in April of 1999.  Timothy Smith was appointed trustee.  Gras discussed with the trustee certain causes of action on behalf of the bankruptcy estate against companies and individuals who were involved with the debtor.  Gras suggested theories of fraudulent transfers, breach of fiduciary duty, alter ego, and successor liability.  The bankruptcy court approved the trustee's motion to sell the debtor's interest in the cause of action to Gras.  Under the terms of the sale, the trustee sold the bankruptcy estate's interest in the cause of action to Gras for $5,000, along with Gras's waiver of any claim against the estate, and the trustee's retention of a fifteen percent interest in any recovery Gras might be awarded from the defendants.

An adversary case was filed on May 11, 2001, with Gras and the trustee as plaintiffs, alleging seven claims against four corporations and two individuals.  A trial was held on November 4, 2002.  The bankruptcy court found in favor of the plaintiffs on the claim of successor liability, Count II, and denied the remainder of the claims.  The court held that Global Environmental Services was the successor to Global Environmental Services and that Polar Refrigerant Technology, LLC, was the successor to Services.  The court awarded damages as follows: "Damages will be awarded in the amount of the allowed claims in the instant bankruptcy case of Global Environment Solutions, Ltd."  Memorandum Op. at 6.  Final judgment was entered on May 13, 2004.   The plaintiffs moved for reconsideration arguing that the award of damages should not be contingent on events in the bankruptcy case and that final judgment should not enter until the damages were awarded.  The motion was denied in July of 2004, and the case was closed on October 26, 2004.

In May of 2005, the trustee submitted an objection to certain claims submitted by creditors in the bankruptcy case. Gras responded to the trustee's objection, raising issues of the trustee's conflict of interest between his role as a plaintiff in the adversary action and his role as trustee in reviewing the creditors' claims in the bankruptcy action, asking for

appointment of a different trustee, asking that certain claims not be disallowed for minor defects, and arguing that many creditors' claims were not listed.

A status hearing was held on June 7, 2005, with the trustee, counsel for Gras, and counsel for the trustee attending and Gras participating by telephone. The trustee explained that if his objections to the creditors' claims were sustained, there would be $6,800 in allowed unsecured claims against the estate. Gras's claim against the estate was for $35,000. The trustee acknowledged the "inherent conflict" between his role in the adversary proceeding with Gras, where their interest was to maximize the amount of allowed claims for purposes of the damages award, and his role as trustee of the bankruptcy estate, where his obligation was to scrutinize and disallow creditors' claims. The court stated that it hoped the trustee and Gras, with their counsel, could work out the issues concerning the trustee's objections to creditors' claims.

A hearing on the trustee's objection to the creditors' claims was held on July 12, 2005. The trustee and counsel who had been local counsel for Gras and the trustee in the adversary proceeding attended, and Gras participated by telephone. Gras and his former counsel argued that a different trustee should be appointed to avoid a conflict of interest. Gras also wanted the

opportunity to find replacement counsel to represent him in the process of responding to the trustee's objections to creditors' claims. The court ruled that Gras was not properly part of the proceeding to consider the trustee's objections to creditors' claims and allowed the trustee's objections.

## Discussion

Gras raises thirteen points of error as to the bankruptcy court's decision to allow the trustee's objections to the creditors' claims. In summary, he challenges the bankruptcy court's decision that he was not a proper party to the proceeding and the court's failure to recognize and remedy the trustee's and counsel's conflicts. On appeal from the bankruptcy court, this court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. In re Boston Reg'l Med. Ctr., Inc., 410 F.3d 100, 108 (1st Cir. 2005).

As a preliminary matter, Gras did not appeal the bankruptcy court's award of damages in the adversary proceeding. Therefore, that decision is not before the court here.

Gras argues that the nature of the damages award gave him standing to participate in the review of the creditors' claims in order to maximize the size of this recovery. Gras cites no cases to support that theory. Instead, "[a]s a general rule, absent

leave of court, the chapter 7 trustee alone may interpose objections to proofs of claim.  Leave to object is not generally accorded an individual creditor unless the chapter 7 trustee refuses to object, notwithstanding a request to do so, and the bankruptcy court permits the creditor to object in the trustee's stead."   In re Thompson, 965 F.2d 1136, 1147 (1st Cir. 1992).  The bankruptcy court stated that it was the court's practice not to allow third parties to interpose their opinions on claims filed by creditors, which is a matter decided between the trustee and the court.  That is a sustainable position.

With respect to the conflict of interest issue, the bankruptcy court noted that any trustee would have the same potential conflict between on one hand the interest in maximizing the recovery from the damages award in the adversary action and the interest on behalf of the bankruptcy estate in the bankruptcy proceeding to minimize the allowed claims.  The bankruptcy court concluded that given the trustee's minimal participation in the adversary proceeding and his demonstrated ability to act as trustee in the bankruptcy proceeding, no conflict of interest existed to support the objections raised by Gras and his former counsel.

Nothing in the record here suggests that the trustee acted under a conflict of interest.  The trustee had no duty to allow

objectionable claims of creditors in order to maximize the award in the adversary proceeding.  On the other hand, he did have a duty to scrutinize the claims filed on behalf of the bankruptcy estate.  The trustee apparently upheld his obligation to scrutinize the claims and disallowed those he deemed objectionable.  Therefore, it does not appear that the trustee here acted under a conflict of interest or that the bankruptcy judge improperly ignored a material conflict.  Cf. Pearson v. Fist NH Mortgage Corp., 200 F.3d 30 (1st Cir. 1999); Rome v. Braunstein, 19 F.3d 54, 57 (1st Cir. 1994).

## Conclusion

For the foregoing reasons, the bankruptcy court's decision approving the trustee's objections to creditors' claims is affirmed.

SO ORDERED.

                                              _____
                                              Joseph A. DiClerico, Jr.
                                              United States District Judge

March 17, 2006

cc:   Timothy P. Smith, Esquire
      Mark F. Sullivan, Esquire
      Seaton Gras, pro se
      U.S. Trustee
      Clerk, USBC-NH